[Sac. No. 2148. In Bank.—May 12, 1915.]

SPALDING COMPANY (a Corporation), Respondent, v.
E. D. ROBERTS, State Treasurer, Appellant.

CORPORATIONS—ACTING AS TRUSTEE—DEPOSIT OF BONDS WITH STATE
TREASURER.—A corporation which by its articles is empowered "to
do a general commercial bank and trust business, and to accept
and execute trusts of all kinds," and has deposited bonds with the
state treasurer as required by the act of 1891 (Stats. 1891, p. 490),
and has accepted and is executing a single trust, cannot recover
such bonds from the state treasurer until it divests itself of the
power to execute trusts and receive moneys on deposit, even if it
should conclude the trust being executed and has no intention of
doing any other business than the execution of said trust.

APPEAL from a judgment of the Superior Court of Sac-
ramento County and from an order denying a new trial.
Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, E. B. Power, Assistant At-
torney-General, and J. Charles Jones, Deputy Attorney-
General, for Appellant.

Chase, Overton & Lyman, and George & Hinsdale, for Re-
spondent.

SHAW, J.—From the judgment and from the order deny-
ing a new trial the defendant appeals.

The object of the action is to procure a judgment directing
the state treasurer to return to the plaintiff certain bonds
amounting to $100,105, face value, theretofore deposited with
him by the plaintiff to comply with the provisions of the act
of April 6, 1891.

The plaintiff corporation was organized on March 9, 1908.
Its articles of incorporation empowered it to "buy, sell, man-
age, control and dispose of" almost every kind of property
and, specifically, among other things, "4. To act as trustee,
guardian, executor, administrator, assignee, receiver, and in
any fiduciary capacity"; and "5. To do a general commer-
cial bank and trust business, and to accept and execute trusts

of all kinds." Its capital stock is two hundred and fifty thousand dollars, divided into two thousand five hundred shares, all of which except two were subscribed by Z. S. Spalding and Rufus P. Spalding, and which, so far as appears, are still held by them.

The act of 1891 (Stats. 1891, p. 490) provided that any corporation which was authorized by its articles to act as executor, administrator, guardian of estates, assignee, receiver, depositary, or trustee, and having a paid-up capital stock of two hundred and fifty thousand dollars, may be appointed to act in any of said specified capacities, in like manner as individuals (sec. 1). It also provided that the courts could by order require that trust moneys, held by any officer or trustee under its jurisdiction, be deposited with such corporation (secs. 2, 3, 4), and that such corporations should not be required to give any special bond to secure the performance of such trusts (sec. 5), but that, "each corporation, before accepting any such appointment or trust, shall deposit with the treasurer of state, for the benefit of the creditors of said corporation," one hundred thousand dollars in bonds of specified descriptions, or real estate mortgages, such bonds and mortgages "to be subject to sale and transfer, and to the disposal of the proceeds by said treasurer, only on the order of a court of competent jurisdiction, and as hereinafter provided." (Sec. 7, as amended in 1897, Stats. 1897, p. 424.) The phrase "and as hereinafter provided" seems to have no application, for the statute does not provide a special proceeding in court to determine as to the sale, transfer, or disposal of the bonds or proceeds thereof.

Section 11 provided that such corporation could not accept any trust or deposit, without first procuring from the bank commissioners a certificate of authority to do so. On April 17, 1908, the plaintiff, in order to comply with such statute, deposited with the state treasurer the bonds in controversy, and thereupon the bank commissioners issued to said corporation the certificate as provided in the act, authorizing it to accept trusts and receive deposits of trust funds. This certificate has not been revoked, canceled, or set aside. Immediately thereafter, under the authority thus given to it, the plaintiff accepted from Z. S. Spalding a deed bearing date March 5, 1909, and in November, 1909, upon the same authority, it accepted another deed from said Spalding bearing date

October 5, 1909. These deeds conveyed to the plaintiff a large amount of real and personal property of great value, to be held by plaintiff upon certain trusts therein elaborately set forth. It ever since has been and is now executing and administering said trusts and intends to continue to do so. It has not accepted or received, and does not hold, any other property in trust, nor has it ever sought to do so, or to act in any other fiduciary capacity than as stated. It has never actually carried on the banking business or the business of receiving deposits. It has not endeavored to do so and does not intend to do so, nor to do any business other than that of administering the said Spalding trusts.

By the ''Bank Act'' (Stats. 1909, p. 87), which took effect July 1, 1909, the provisions of the act of 1891 were substantially re-enacted as article IV, sections 90–106, of the Banking Act. It also created the office of superintendent of banks and invested him with the powers and duties formerly exercised by the bank commissioners under the act of 1891. It repeals all acts in conflict with its provisions. It provides that the powers and duties imposed upon any corporation existing and doing business, and embraced within the provisions of the act, are enlarged or modified as may be required, to conform to the provisions of the act, notwithstanding anything to the contrary in their respective articles of incorporation (sec. 145). It places corporations of the character of the plaintiff under the supervision of the superintendent of banks. In January, 1911, the superintendent of banks upon examining into the affairs of the plaintiff, informed the plaintiff that its business was not within the scope of his powers or duties, and thereupon said officer refused to exercise jurisdiction over it, and still refuses so to do.

Upon such refusal, the plaintiff, conceiving that it was no longer a trust company doing business under the act of 1891, or the Bank Act of 1909, demanded of the state treasurer the return of said bonds, which being refused, it began this action.

The theory of the plaintiff is that, as it has accepted and is administering no trusts other than the said Spalding trusts, and has not sought and is not seeking any other trusts and does not intend to do so, and has not engaged in the banking business or received deposits of money, it becomes, *ipso facto*, a private corporation, not subject to the Bank Act, nor to the act of 1891, nor to the supervision of the superintendent

CLXX Cal.—12

of banks, and, therefore, that it is entitled to withdraw said bonds into its own custody and control, on demand. This also appears to be the theory of the superintendent of banks and upon this theory the court below made its judgment directing the return of the bonds.

We cannot agree with this theory of the case. The plaintiff, by incorporating as above stated, brought itself within the scope of the act of 1891 and the subsequently enacted Bank Act. In this manner it became empowered to carry on the business of acting as trustee in any of the capacities mentioned in the act, including among others, that of a depositary of moneys. It is, in character, a *quasi*-public corporation, subject to regulation by the state. It ever since has been, and now is, empowered to accept such trusts and to receive moneys on deposit. It has done nothing to divest itself of any of its powers. It has not changed its articles of incorporation by eliminating the powers to do business as a bank, trust company, or depositary of moneys. Section 19 of the act of 1891, and section 102 of the Bank Act, provide that any such corporation which desires to cease doing such business shall first obtain a release and discharge of all of its obligations and trusts, and thereupon its certificate of authority may be revoked, and in that event the bonds so deposited shall be returned to the corporation by the secretary of state. The plaintiff has not complied with this provision and it has not proposed to do so. It desires to continue in the administration of the Spalding trusts. Therefore, if we assume that the Spalding trusts may be disregarded upon the theory that the creator and beneficiaries thereof are consenting to the withdrawal of the bonds, which, however, does not appear, the plaintiff would be precisely in the situation in which it was immediately after it had deposited the bonds and received its certificate of authority from the bank commissioners. It is now, as it was then, fully empowered to do the business for the security of which the bonds were deposited, although, upon the theory stated, it has not yet begun such business. It may, however, engage therein at any moment. The bonds deposited were required as a condition precedent to the grant of authority to receive deposits and accept trusts; not to secure past deposits or trusts, but to secure those contemplated in the future so long as the plaintiff continues to be lawfully authorized to receive or accept them. The law in-

tends that the bonds shall remain on deposit until the trusts which they secure are lawfully determined and the deposits paid, and thereafter until the plaintiff's powers to take other trusts or deposits are relinquished and extinguished. Its intention not to do future business of that character is not sufficient, for its intention may be changed. Its powers must cease before the treasurer would be required to return the bonds.

The plaintiff contends that the Bank Act is unconstitutional, in so far as it attempts to regulate the business of accepting trusts and acting in a fiduciary capacity under the orders of a court. We deem it unnecessary to determine this question. Assuming, for the purposes of this decision only, that the Bank Act is inoperative for that reason and to that extent, the plaintiff would still be liable for the administration of the Spalding trusts accepted by it prior to July 1, 1909, when the Bank Act took effect. The bonds having been deposited as security and the trusts having been accepted, in contemplation of the law, on the faith of such security, the bonds must remain on deposit as the law requires until the liability which they secure has in some manner become released or terminated.

For these reasons we conclude that the court below erred in its conclusion that the bonds should be returned to plaintiff and in giving judgment accordingly.

The judgment and order are reversed.

Sloss, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.